

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,126-02

## EX PARTE CARMEN MEJIA, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. D-1-DC-04-904057-B IN THE 167TH DISTRICT COURT
## TRAVIS COUNTY

*Per curiam*. FINLEY, J., filed a concurring and dissenting opinion in which Parker, J., joined.

## O P I N I O N

Applicant was convicted of felony murder (count 1), injury to a child (count 2), and injury to a child by omission (count 3). She was sentenced to life imprisonment on each count, to run concurrently. The Third Court of Appeals affirmed her convictions. *Mejia v. State*, No. 03-05-00838-CR (Tex. App.—Austin May 29, 2008) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded

it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her due process rights were violated by the State's introduction of false or misleading testimony at her trial; that newly available scientific evidence entitles her to relief under Texas Code of Criminal Procedure Article 11.073; that newly discovered evidence establishes that she is actually innocent of all three counts; and that trial counsel were ineffective.  The parties all agree that Applicant is entitled to relief based on these four grounds.  The trial court has, among other things, determined that Applicant has established by clear and convincing evidence that she is actually innocent of all three counts.

We agree that Applicant has established that she is actually innocent.  Relief is granted.  *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002).  The judgments in cause number 9044057 in the 167th District Court of Travis County are set aside, and Applicant is remanded to the custody of the Sheriff of Travis County to answer the charges as set out in the indictment.  The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 22, 2026
Do not publish